**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| HUMAN POWER OF N COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMBROSIA BRANDS, LLC,<br><br>Defendant. | Case No. 1:26-cv-00374-ADA-ML |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND ADD PARTIES**

Pursuant to Federal Rules of Civil Procedure 15(a) and 21, Plaintiff Human Power of N Company ("Humann") seeks leave to file its Second Amended Complaint, attached hereto as **Exhibit A**, for the sole purpose of adding Luca Washenko and John Does 1-10 as defendants to this action. A redlined version of Humann's Second Amended Complaint, comparing the Second Amended Complaint to Humann's First Amended Complaint, is attached hereto as **Exhibit B**.

**BACKGROUND**

In the First Amended Complaint ("FAC"), Humann brings claims against Ambrosia Brands, LLC ("Ambrosia") for false advertising and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1501 *et seq.* (the "Lanham Act") and Texas common law. Humann alleges that Ambrosia has engaged in direct and contributory false advertising by making, and causing others to make, a plethora of false statements in support of the Rosabella beetroot products. Humann alleges

that Ambrosia leads this concerted effort in false advertising across digital media and that Ambrosia's sales of the inferior Rosabella products have harmed Humann's profits and reputation.

Since the inception of this lawsuit, Humann has come to better understand the depth of Luca Washenko's involvement with Ambrosia and parties acting on Ambrosia's behalf. Washenko is associated with two trademark applications filed by Ambrosia for the mark ROSABELLA and is listed as the founder and/or owner of Ambrosia on those applications, attached hereto as **Exhibit C**. Further, Humann has learned of several parties, whose identities have not yet been confirmed, who repeatedly participate in the operations and/or false advertising of Ambrosia beetroot products. On information and belief, Luca Washenko orchestrates the conduct of these John Doe defendants through Ambrosia and Washenko's other businesses.

Finally, it has come to Humann's attention that Ambrosia received a letter from the Wyoming Secretary of State in June 2026 threatening administrative dissolution, attached hereto as **Exhibit D**. On information and belief, Ambrosia is currently in compliance with the state of Wyoming's investigation; however, Wyoming's Secretary of State currently indicates that Ambrosia was administratively dissolved on August 25, as seen in **Exhibit E**. Accordingly, Humann also seeks to add Washenko and John Does 1-10 on account of Ambrosia's uncertain legal status.

On July 21, 2026, the Court entered a Scheduling Order allowing the parties to move to join additional parties and amend their pleadings through October 22,

2026. *See* Dkt. 21. Humann now timely moves to amend its FAC to add Washenko and John Does 1-10 as defendants in this matter.[1]

## STANDARD OF REVIEW

Humann's motion comes prior to the deadline in the parties' Scheduling Order, meaning that Federal Rule of Civil Procedure 15(a)'s liberal standard governs amendment of the Complaint. Under Rule 15, a party may amend its complaint with "the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Absent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, . . . district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

Rule 21 allows the Court, on a motion or *sua sponte*, to add or replace parties "on such terms as are just." FED. R. CIV. P. 21. Under Rule 21, the "district court has broad discretion in determining the propriety of joining a particular party as a defendant." *Bibbs v. Early*, 541 F.3d 267, 274 (5th Cir. 2008). "The standard that is applied to an amendment that seeks to add new parties is the same under either Rule 15(a) or Rule 21." *Martinez v. U.S. Postal Service*, No. B-06-186, 2007 WL 1468773 (S.D. Tex. May 18, 2007).

---

[1] Humann is not attempting to delay a decision on Ambrosia's fully briefed Motion to Dismiss (Dkt. 16) and merely seeks leave to amend for the purpose of adding Washenko and the Doe Defendants to Humann's Complaint.

Further, Rule 20(a) permits joinder of multiple defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).

## ARGUMENT

Amendment is proper under Rule 15(a)(2) because there is no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or undue prejudice to the opposing party in Humann's request.

### I. There is no undue delay, dilatory motive, or bad faith.

There is no undue delay or dilatory motive because "there is a presumption of timeliness when a party moves for leave to amend before a court-ordered deadline in a Scheduling Order." *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 755 (N.D. Tex. 2015). Here, there is no undue delay because the deadline to amend and add parties has not passed, and there is no trial date set in this matter. *See De La Fuente v. KinderCare Educ. LLC*, No. 1:22-CV-942-DII, 2023 WL 3794527 (W.D. Tex. May 17, 2023) (Lane, J.) ("Generally, a plaintiff is not dilatory where no significant activity beyond the pleading stage has occurred.") (citing *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709 (W.D. Tex. 2014)), *R. & R. adopted*, No. 1:22-CV-942-DII, 2023 WL 3792666 (W.D. Tex. June 2, 2023); *see also Greco*, 116 F. Supp. 3d at 753-54 ("[T]here is no undue delay [as] no deadline for amended pleadings has passed, and no trial date has been set[.]").

There is also no bad faith in this motion as Humann solely seeks to find and hold liable the parties responsible for its injuries. These parties include, but no longer appear to be solely limited to, Ambrosia. *See, e.g., Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981) (finding no bad faith despite the plaintiff's awareness of relevant facts from the beginning of the suit where the plaintiff was justified in thinking the facts were unnecessary to his claim).

## II. There is no undue prejudice to Ambrosia.

There is no undue prejudice to Ambrosia and putative Defendants because the Scheduling Order deadline to amend and add parties has not lapsed and this amendment is raised before the end of the discovery period, which is currently set for April 9, 2027. Dkt. 21 (Agreed Scheduling Order); *see Greco v. Natl. Football League*, 116 F. Supp. 3d 744, 756 (N.D. Tex. 2015) (finding no prejudice in allowing joinder of new defendants where the deadlines for discovery, dispositive motions, and trial had not passed or been set). Additionally, the pleadings as they stand give Ambrosia adequate notice of the issues before the Court, which are the same issues presented in the FAC. *See Dussouy*, 660 F.2d at 599 (addressing similar circumstances and finding no undue prejudice). Humann solely wishes to amend its Complaint to add the additional defendants. All trial and hearing settings have already been vacated in this matter, Dkt. 23, and the parties have not consented to trial by magistrate judge. Therefore, there is no undue prejudice to Ambrosia because there is no trial date for Humann to delay at this juncture.

Humann has previously amended its Complaint once as a matter of course under Rule 15(a)(1)(B). *See* Dkt. 13. The Court has not yet ruled on Ambrosia's pending Motion to Dismiss nor identified any deficiencies with Humann's Original Complaint or FAC. Therefore, Humann has not failed to cure any deficiencies as identified and allowed by the Court.

Accordingly, and given that leave to amend should be "freely give[n]," Fed. R. Civ. P. 15(a), Humann's motion for leave to amend should be granted and Luca Washenko and John Does 1-10 should be added as defendants.

## CONCLUSION

Humann respectfully requests leave to amend its FAC to add Luca Washenko and John Does 1-10 as Defendants to this suit.

DATED: October 29, 2026

Respectfully submitted,

/s/ *Stephen P. Meleen*

Stephen P. Meleen
TX Bar No. 00795776
Daniel S. Martens
TX Bar No. 24116722
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, Texas 78702
(512) 322-5200
(512) 322-5201 (fax)
smeleen@pirkeybarber.com
dmartens@pirkeybarber.com

*Attorneys for Plaintiff Human Power of N Company*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), on October 28, 2026, I, Daniel Martens for Plaintiff Human Power of N Company, and George Spatz for Defendant Ambrosia Brands LLC, had a videoconference discussing Plaintiff's basis for this motion and to confer in good faith as to whether Defendant would oppose amending Plaintiff's complaint and adding additional parties. I sent a draft of Plaintiff's second amended complaint to Mr. Spatz on October 22 in advance of the videoconference. Defendant has indicated that it does not consent to Plaintiff's proposed amendments, so Plaintiff presumes Defendant will oppose this motion to amend.

*/s/ Daniel S. Martens*

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2026, a copy of the foregoing was filed with the Clerk of Court using the ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Stephen P. Meleen*